**Charles B. KANE, d/b/a Kane's Diesel & Truck Repair, Plaintiff-Appellant,**

v.

**MOTOR VESSEL LEDA, her engines, etc., et al., Defendants-Appellees,**

**Westside Auto Supply, Inc. and American Marine & Equipment Co., Inc., Intervenors.**

**No. 73–1782.**

United States Court of Appeals, Fifth Circuit.

March 29, 1974.

Rehearing and Rehearing En Banc Denied May 6, 1974.

Louis R. Koerner, Jr., New Orleans, La., for plaintiff-appellant.

Rene S. Paysse, Robert B. Sutherlin, Kenneth J. Berke, New Orleans, La., for defendants-appellees.

David R. Normann, Jack J. Charbonnet, New Orleans, La., for Westside Auto Supply.

Leopold Stahl, New Orleans, La., for American Marine & Equip. Co., Inc.

Before DYER, MORGAN and RONEY, Circuit Judges.

PER CURIAM:

In this admiralty action the district court found that Kane, who furnished work and materials to the vessel M/V LEDA, at the request of the charterer, was not entitled to a maritime lien on the vessel. Judgment was entered against the owner, however, for unjust enrichment damages.

The trial court made extensive findings of fact.[1] It found that the charterer was not "a person authorized by the owner" to bind the vessel for the labor and materials furnished by Kane and that the latter did not, therefore, have a maritime lien on the vessel. 46 U.S.C.A. § 971. But the court further found that Kane had an admiralty claim for unjust enrichment *in personam* against Leda Towing Company, Inc., the owner. The findings are not clearly erroneous. McAllister v. United States, 1954, 348 U.S. 19, 75 S.Ct. 6, 99 L.Ed. 20. On the contrary, the record fully supports these findings.

By a plethora of arguments based on Louisiana law, Kane argues that an admiralty court should apply state law to create a lien on the vessel or to revoke the subsequent sale of the vessel. To do this, as the district court properly held, would be destructive of the principle of uniformity in federal maritime law. Moreover, to subordinate the maritime law to Louisiana law, as Kane argues, would defeat the provisions of 46 U.S.C.A. § 973.

By our disposition of this federal action, we do not, of course, intimate any views on the merits of claims Kane may have under state law.

We have considered the other points on appeal urged by Kane and find them to be without merit.

Affirmed.

1. On March 14, 1972, full findings of fact and conclusions of law were made. On October 27, 1972, further findings and conclusions were made granting unjust enrichment damages against Leda Towing Co., Inc., but refusing such damages against the Vials, purchasers of the vessel. Finally, on February 6, 1973, the court rendered its opinion on plaintiff's motion to amend the findings of fact and for a new trial.